1
2
3
4
5
6
7
8
9
10
11

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| **JASON SAMUEL,** | ) | **CV F 04-5519 REC WMW HC** |
| | ) | |
| **Petitioner,** | ) | **FINDINGS AND** |
| | ) | **RECOMMENDATIONS RE** |
| **v.** | ) | **RESPONDENT'S MOTION TO** |
| | ) | **DISMISS** |
| | ) | |
| **D. L. RUNNELS, et al.,** | ) | [Doc. 13] |
| | ) | |
| **Respondent.** | ) | |
| | ) | |
| _____ | ) | |

Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.   Pending before the court is Respondent's motion to dismiss the petition.   Petitioner opposes the motion.

**BACKGROUND**

Following a jury trial in Kern County Superior Court, Petitioner was convicted of attempted murder of a peace officer under Penal Code Section 187(a); resisting an executive officer under Penal Code Section 69; and obstructing a public officer under Penal Code Section 148(c).   The jury found true the special allegations that Petitioner personally used a

firearm and inflicted great bodily injury during the commission of the offenses of attempted murder and resisting an executive officer within the meaning of Penal Code sections 12022.5(a) and 12022.7, and that he should have known that the victim was a peace officer engaged in the performance of his duties within the meaning of section 664(e)(1). The trial court sentenced Petitioner to the indeterminate state prison term of life with the possibility of parole, plus nineteen years, eight months.

Petitioner filed a direct appeal from his sentence. On March 31, 2000, the California Court of Appeal, Fifth Appellate District ("Court of Appeal"), affirmed the judgment in case number F030624. Petitioner filed a petition for review with the California Supreme Court, which denied the petition on June 14, 2000.

Petitioner filed four post-conviction collateral challenges to his conviction, all of which were petitions for writ of habeas corpus. The first petition was filed in Kern County Superior Court on November 19, 2002,and was denied on December 19, 2002. The second petition was filed in Kern County Superior Court on March 4, 2003, and was denied on April 2, 2003. The third petition was filed in the Court of Appeal on April 23, 2003, and was denied on June 6, 2003. The fourth petition was filed in the California Supreme Court on June 16, 2003, and was denied on February 18, 2004.

**LEGAL STANDARDS**

JURISDICTION

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 120 S.Ct. 1495, 1504 fn.7 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the United States Constitution. In addition, the conviction challenged arises out of the Kern County Superior Court, which is located within the jurisdiction of this court. 28 U.S.C. § 2254(a); 2241(d). Accordingly, the court has

1    jurisdiction over the action.

2         On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty

3    Act of 1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after

4    its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997), *cert. denied,*

5    522 U.S. 1008, 118 S.Ct. 586 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997)

6    (quoting Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied,* 520 U.S. 1107,

7    117 S.Ct. 1114 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320, 117

8    S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment).

9    The instant petition was filed on April 2, 2004, after the enactment of the AEDPA, thus it is

10   governed by its provisions.

11   STANDARD OF REVIEW

12        This court may entertain a petition for writ of habeas corpus "in behalf of a person in

13   custody pursuant to the judgment of a State court only on the ground that he is in custody in

14   violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

15        The AEDPA altered the standard of review that a federal habeas court must apply

16   with respect to a state prisoner's claim that was adjudicated on the merits in state court.

17   Williams v. Taylor, 120 S.Ct. 1495, 1518-23 (2000).  Under the AEDPA, an application for

18   habeas corpus will not be granted unless the adjudication of the claim "resulted in a decision

19   that was contrary to, or involved an unreasonable application of, clearly established Federal

20   law, as determined by the Supreme Court of the United States;" or "resulted in a decision

21   that was based on an unreasonable determination of the facts in light of the evidence

22   presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123

23   S.Ct. 1166, 1173 (2003) (disapproving of the Ninth Circuit's approach in Van Tran v.

24   Lindsey, 212 F.3d 1143 (9th Cir. 2000)); Williams v. Taylor, 120 S.Ct. 1495, 1523 (2000).

25   "A federal habeas court may not issue the writ simply because that court concludes in its

26   independent judgment that the relevant state-court decision applied clearly established

27

28                                              3

federal law erroneously or incorrectly." <u>Lockyer</u>, at 1174 (citations omitted).  "Rather, that application must be objectively unreasonable."  <u>Id.</u> (citations omitted).

While habeas corpus relief is an important instrument to assure that individuals are constitutionally protected, <u>Barefoot v. Estelle</u>, 463 U.S. 880, 887, 103 S.Ct. 3383, 3391-3392 (1983); <u>Harris v. Nelson</u>, 394 U.S. 286, 290, 89 S.Ct. 1082, 1086 (1969), direct review of a criminal conviction is the primary method for a petitioner to challenge that conviction. <u>Brecht v. Abrahamson</u>, 507 U.S. 619, 633, 113 S.Ct. 1710, 1719 (1993).  In addition, the state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); <u>Purkett v. Elem</u>, 514 U.S. 765, 115 S.Ct. 1769 (1995); <u>Thompson v. Keohane</u>, 516 U.S. 99, 116 S.Ct. 457 (1995); <u>Langford v. Day</u>, 110 F.3d 1380, 1388 (9th Cir. 1997).

STATUTE OF LIMITATIONS

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, Section 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or

4

claim is pending shall not be counted toward any period of limitation under this subsection.

In most cases, the limitation period begins running on the date that the petitioner's direct review became final.  Here, the Petitioner was convicted on April 13, 1998. Petitioner's petition for review was denied by the California Supreme Court on June 14, 2000.[1]  Thus, direct review would conclude on September 12, 2000, when the ninety (90) day period for seeking review in the United States Supreme Court expired.[2]  Barefoot v. Estelle, 463 U.S. 880, 887 (1983); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir.1999) (concluding period of "direct review" includes the period within which one can file a petition for a writ of certiorari in the United States Supreme Court); Smith v. Bowersox, 159 F.3d 345, 347 (8th Cir.1998).  Petitioner would have one year from September 13, 2000, absent applicable tolling, in which to file his federal petition for writ of habeas corpus.  See, Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001) (holding that Rule 6(a) of the Federal Rules of Civil Procedure governs the calculation of statutory tolling applicable to the one year limitations period.)

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2). In Nino v. Galaza, the Ninth Circuit held that the "statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the petitioner's final collateral challenge."[3]  Nino v. Galaza, 183 F.3d 1003,

---

[1]Cal. R. Ct. 24(a) providing that an order of the Supreme Court denying a petition for review of a decision of a Court of Appeal becomes final when it is filed.

[2]See Sup.Ct. R. 13(1)

[3]In California, the Supreme Court, intermediate Courts of Appeal, and Superior Courts all have original habeas corpus jurisdiction. See, Nino 183 F.3d at 1006, n. 2 (9th Cir. 1999). Although a Superior Court order denying habeas corpus relief is non-appealable, a state prisoner may file a new habeas corpus petition in the Court of Appeal. Id. If the Court of Appeal denies

1006 (9th Cir. 1999), *cert. denied,* 120 S.Ct. 1846 (2000); see, also, Taylor v. Lee, 186 F.3d 557 (4th Cir. 1999); Barnett v. Lemaster, 167 F.3d 1321, 1323 (10th Cir. 1999).  The Court reasoned that tolling the limitations period during the time a petitioner is preparing his petition to file at the next appellate level reinforces the need to present all claims to the state courts first and will prevent the premature filing of federal petitions out of concern that the limitation period will end before all claims can be presented to the state supreme court.  Id. at 1005.

The limitations period is subject to equitable tolling if "extraordinary circumstances beyond a prisoner's control" have made it impossible for the petition to be filed on time. Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814, 118 S.Ct. 60, 139 (1997); Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283,1288 (9th Cir.), *overruled in part on other grounds by*, Calderon v. United States Dist. Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (*en banc)* (noting that "[e]quitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time"). "When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate."  Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir.1999), *citing* Kelly, 163 F.3d at 541; Beeler, 128 F.3d at 1288-1289.

//

//

//

//

---

relief, the petitioner may seek review in the California Supreme Court by way of a petition for review, or may instead file an original habeas petition in the Supreme Court.  See, id.

1

**DISCUSSION**

2        TIMELINESS OF PETITION

3        Respondent contends that the petition should be dismissed as untimely.  Specifically,

4 Respondent contends that the petition was filed beyond the statute of limitations and that

5 Petitioner is not entitled to equitable tolling of the statute.   Respondent argues first that

6 Petitioner's post-conviction challenges did not serve to toll the statute of limitations, because

7 the first of these challenges was filed over fourteen months after the limitations period

8 expired.   Petitioner does not dispute this argument by Respondent, and the court agrees with

9 Respondent that because the limitations period had already expired, Petitioner's collateral

10 challenges had no tolling consequence.   See Green v. White, 223 F.3d 1001, 1003 (9th

11 Cir.2000) (petitioner is not entitled to tolling where the limitations period has already run);

12 see also Webster v. Moore, 199 F.3d 1256 (11th Cir.2000).

13        Second, Respondent argues that Petitioner is not entitled to equitable tolling of the

14 statute of limitations.  Petitioner disputes this, arguing that he is of low intelligence and

15 functionally illiterate, and that lockdowns restricted his access to the library, which

16 prevented him from filing his post-conviction challenges sooner.

17        As set forth above, the limitations period is subject to equitable tolling if

18 "extraordinary circumstances beyond a prisoner's control" have made it impossible for the

19 petition to be filed on time.   Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d at 541. The burden

20 of demonstrating that extraordinary circumstances exist lies with the petitioner. United States

21 v. Marolf, 173 F.3d 1213, 1218 n. 3 (9th Cir.1999);  Allen v. Lewis, 255 F.3d 798, 800 (9th

22 Cir.2001) (holding that, in order to support a finding of "extraordinary circumstances"

23 sufficient to warrant equitable tolling, the petitioner must show that the circumstances were

24 the "but-for and proximate cause of his untimeliness").   The Ninth Circuit has held that

25 claims of ignorance of the law and illiteracy are insufficient to justify equitable tolling.  See,

26 e.g., Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir.1986) (pro se

27

28                                                  7

prisoner's illiteracy and lack of knowledge of law unfortunate but insufficient to establish cause); Kibler v. Walters, 220 F.3d 1151, 1153 (9th Cir. 2000) (lack of knowledge of state law not cause); See, also, Marsh v. Soares, 223 F.2d 1217, 1220 (10th Cir. 2000); Fisher v. Johnson, 174 F.3d 710 (5th Cir. 1999); Rose v. Dole, 945 F.2d 1331, 1335 (6th Cir.1991). Lack of legal assistance is generally insufficient to justify tolling the statute of limitations. See, Hughes v. Idaho Board of Corrections, 800 F.2d 905, 909 (9th Cir. 1986).

The court finds that under the controlling case law, Petitioner's claims of low intelligence and illiteracy are clearly not extraordinary circumstances justifying equitable tolling of the statute of limitations.  Indeed, these circumstances do not appear to be particularly unusual, much less extraordinary.

In regard to Petitioner's claims regarding prison lockdowns, unpredictable lockdowns or library closures do not generally constitute extraordinary circumstances warranting equitable tolling.  See, United States v. Van Poyck, 980 F.Supp. 1108, 1111 (C.D.Cal.1997) (inability to secure copies of transcripts from court reporters and lockdowns at prison lasting several days and allegedly eliminating access to law library were not extraordinary circumstances and did not equitably toll one-year statute of limitations).   As in Van Poyck, Petitioner has not demonstrated that the alleged prison lockdowns substantially interfered with his entire year to file.  For this reasons, this court finds that the lockdowns and limited library access do not warrant equitable tolling in this case.  The court concludes, therefore, that Respondent is correct in arguing that this petition is time-barred.

Exhaustion

Respondent separately contends that this petition must be dismissed because Petitioner has failed to exhaust his state judicial remedies.   Petitioner argues that the court's failure to address his claims because of procedural default would result in a miscarriage of justice.  He asks the court to dismiss the petition without prejudice and to stay the action so that he can exhaust any unexhausted claims.  As set forth above, exhaustion of state judicial

remedies is generally a prerequisite to obtaining habeas corpus relief in federal court.  In the present case, the court has found that the applicable statute of limitations has run and that Petitioner is not entitled to either statutory or equitable tolling.  Therefore, the court finds it unnecessary to address the issue of exhaustion, because it has become moot.  Regardless of which party is correct on this issue, this case is barred by the statute of limitations.

Based on the foregoing, the court HEREBY RECOMMENDS that this petition be dismissed with prejudice as barred by the applicable statute of limitations.

These Findings and Recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within **twenty (20)** days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:    February 16, 2006**              **/s/  William M. Wunderlich**
mmkd34                                   UNITED STATES MAGISTRATE JUDGE

9